IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN REID ALTHOUSE (TDCJ No. 2175022), | § § § | |
| Petitioner, | § § | 3:18-cv-155 |
| V. | § § | No. 3:16-cv-155-K-BN |
| DALLAS COUNTY JAIL, | § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

At that time detained pretrial at the Dallas County jail, Petitioner Kevin Reid Althouse filed, under 28 U.S.C. § 2254, a habeas petition challenging, on the basis that he was denied due process, his January 3, 2018 disciplinary-proceeding conviction, which he alleges resulted in punishment of "12 days full restriction – probation." Dkt. No. 2 at 5. This resulting action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should construe Althouse's habeas petition as one under 28 U.S.C. § 2241 and dismiss it as moot.

**Applicable Background**

When Althouse filed his petition on January 16, 2018, *see* Dkt. No. 2 at 10, he was still a pretrial detainee charged with possession of a controlled substance (a felony), *see State v. Althouse*, No. F17-25277 (Crim. Dist. Ct. No. 1, Dallas Cty., Tex.);

Dkt. No. 2 at 2, and assault causing bodily injury (a misdemeanor), *see State v. Althouse*, M17-25469 (Crim. Dist. Ct. No. 6, Dallas Cty., Tex.); Dkt. No. 2 at 2. But, on January 19, 2018, he pleaded guilty to, and was convicted of, felony drug possession, and he was sentenced to six months' state-jail imprisonment. *See Althouse*, No. F17-25277. He currently is incarcerated at the Texas Department of Criminal Justice's Hutchins State Jail. *See* Dkt. No. 4.

## Legal Standards and Analysis

To begin, it does not appear that Section 2254 is applicable to the disciplinary-proceeding conviction Althouse challenges, because, under that conviction, Althouse was not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Section 2241 is, however, "still 'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)). Therefore, the petition should be liberally construed as filed under Section 2241. But Althouse's change in status – from pretrial detainee to state-jail prisoner – and concomitant change in custody impacts this Court's jurisdiction over the construed Section 2241 petition.

First, "[t]o establish a due process violation, a prisoner must show that he was deprived of a liberty interest protected by the Constitution or other law. Not every punishment for prison misconduct implicates a protected liberty interest." *Jacques v.*

*Bureau of Prisons*, 632 F. App'x 225, 225 (5th Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84, 485-87 (1995)). But, because Althouse was still a pretrial detainee at the time that he was punished after being convicted in the Dallas jail disciplinary proceeding, the Court's consideration of the liberty interest at stake – i.e., his due process claim – is broader than if he was a convicted prisoner. *See Tilmon v. Prator*, 368 F.3d 521, 523 (5th Cir. 2004) (per curiam) ("In our view, the adjudication of guilt ... is the dispositive fact with regard to punishment in accordance with due process."); *Dillworth v. Adams*, 841 F.3d 246 (4th Cir. 2016) ("*Sandin*'s 'atypical and significant hardship' standard does not govern the procedural due process claims of pretrial detainees. ... [Therefore,] a pretrial detainee ... [is] entitled under [*Bell v. Wolfish*, 441 U.S. 520 (1979),] to procedural due process in connection with any 'punishment' imposed on him by" a detention facility. (citations omitted)); *Surprenant v. Rivas*, 424 F.3d 5, 17 (1st Cir. 2005) ("Pretrial detainees, unlike convicts, have a liberty interest in avoiding punishment – an interest that derives from the Constitution itself." (citations omitted)).

That said, that Althouse is no longer in the custody of the Dallas County jail implicates this Court's subject matter jurisdiction. Being "in custody" for purposes of a habeas action generally "encompasses most restrictions on liberty resulting from a criminal conviction." *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000) (citing *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963)). Therefore, "[a] petition for habeas corpus filed while a person is in custody does not become moot at the end of custody if the person suffers sufficient collateral consequences from the sentence." *Cochran v. Buss*,

381 F.3d 637, 640-41 (7th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998); citations omitted); *see Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004) ("In instances where a litigant's primary stake in the outcome becomes moot – typically in habeas cases where the petitioner is released while the case is still pending – federal courts will allow the suit to proceed only where some 'collateral consequence' of the litigation's outcome persists." (citing *Spencer*, 523 U.S. at 8)).

The Supreme Court of the United States, "has established a presumption of collateral consequences from a wrongful criminal conviction." *Cochran*, 381 F.3d at 641 (citing *Spencer*, 523 U.S. at 7-14; *Sibron v. New York*, 392 U.S. 40, 55-56 (1968); *Pollard v. United States*, 352 U.S. 354, 358 (1957)). And, even after *Spencer*, which "reflected 'a general "hardening" of standing requirements in recent years,'" *United States v. Clark*, 193 F.3d 845, 848 (5th Cir. 1999) (quoting *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998)), the Fifth Circuit has relied on *Sibron*'s holding that the "mere possibility of adverse collateral consequences is sufficient to preclude a finding of mootness," 392 U.S. at 55, to keep alive challenges to criminal convictions even after a defendant had been deported, *see, e.g., United States v. Villanueva-Diaz*, 634 F.3d 844, 848-49 (5th Cir. 2011) ("As Villanueva-Diaz notes, he is not challenging the term of supervised release in and of itself, which challenge might be mooted by the passage of time. Instead, he is challenging his conviction, from which he contends he continues to suffer collateral consequences."); *compare id.*, *with Clark*, 193 F.3d at 847-48 (dismissing as moot an appeal of a supervised-release order made after the "period of supervised release had long ended").

But, as the Seventh Circuit has noted, the Supreme Court "has not extended this presumption [of collateral consequences] to prison disciplinary sanctions." *Cochran*, 381 F.3d at 641 (citing *Diaz*, 143 F.3d at 346); *accord Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003) (also "declin[ing] to apply the presumption of collateral consequences to prison disciplinary proceedings").

And Althouse otherwise fails to allege that, even though he no longer is in the custody of the Dallas County jail, he "'continue[s] to have a personal stake in the outcome of [this] lawsuit'" by alleging that he has "'suffered, or [is] threatened with, an actual injury traceable to [the custodian of that jail] and likely to be redressable by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990); internal quotation marks omitted).

This habeas action is therefore moot.

To the extent that Althouse seeks to pursue civil rights claims on the basis of the same alleged due process violations under which he collaterally attacks his disciplinary-proceeding conviction, those claims should be pursued through a separate action. *Cf. Clark*, 193 F.3d at 848 ("The fact that Clark may need a court decision questioning the validity of his extended supervised release before bringing a separate lawsuit is insufficient to keep alive the controversy. As the *Spencer* Court held, 'this is a great non sequitur, unless one believes (as we do not) that a [42 U.S.C.] § 1983 action for damages must always and everywhere be available.'" (citations omitted)).

### Recommendation

The Court should construe Kevin Reid Althouse's habeas petition as one under

28 U.S.C. § 2241 and dismiss it as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 23, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE